EAGLE SAVINGS & LOAN ASSN., APPELLANT, *v.* WILLIAMS ET AL., APPELLEES.

(No. 10847—Decided May 26, 1969.)

Messrs. *Aronoff, Rosen & Lerner*, for appellant.
Mr. *Louis R. Lauche*, for George L. and Charlene Williams, and Mr. *Melvin G. Rueger*, for Robert E. Jacobs and Fred J. Morr, appellees.

SHANNON, P. J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamil-

ton County, in an action on a note secured by a mortgage on real estate and for foreclosure thereon.

The allegations of plaintiff-appellant's petition were uncontroverted, and, after proper notice, the matter came on to be heard on default. At the hearing, attended by the appellees and their counsel, appellant produced the original mortgage note and mortgage deed and a witness testified as to the delinquency, which was undisputed.

Appellee George L. Williams testified that he had been involved in an automobile accident and was thereafter incarcerated, resulting in his failure to make payments on the loan. Further, he stated that his wife was working and he was employed at two jobs; therefore, he represented, he could bring the mortgage payments up to date.

Thereupon, the trial judge refused to grant judgment and a decree in foreclosure, and continued the matter to afford appellees an opportunity to pay the deficit in the account.

Upon the day to which the hearing had been continued only part of the arrearage had been paid, and again the trial judge refused to grant appellant a judgment and order foreclosure.

After rejecting the proferred entry of judgment and decree in foreclosure, the court ordered that appellees pay regularly certain amounts into a savings account, to be held by appellant until such time as the arrearage would be "liquidated," and, further, that if appellees were to "miss" payments the court would "have the discretion to grant" appellant its judgment and decree in foreclosure. Immediately, notice of appeal was filed.

The sole question before us is whether the trial court erred in failing to grant judgment on the note and decree that the real estate mortgage be foreclosed.

Section 2311.12, Revised Code, provides:

"In an action upon an account or written instrument for the payment of money only, or in foreclosure, judgment may be entered at any time during the term after the defendant is in default for an answer, unless for good cause shown the court gives further time to answer."

Here, there was no fact essential to be established to sustain appellant's claim which was disputed. No pleading controverting the allegations of the petition was ever presented or filed, nor was any testimony given which disputed the same. There is no suggestion that the matter was not properly before the court for hearing on default. Not only is the record completely void of any showing of good cause for the granting of further time to answer, but the mortgagors did not even request such an extension.

Clearly, then, the mortgagee had demonstrated an absolute legal right to a money judgment on the note and to a decree foreclosing the mortgagors' equity of redemption in the real estate.

The trial court had nothing before it upon which to deny judgment. The mortgagee could not be compelled to yield the largess established by the court. Appellant's claim rests upon written instruments and long-established law. The trial court's disposition of that claim rests only upon sympathy for the appellees.

While we are cognizant that as interpreters of the law we must sometimes temper justice with mercy, only injustice can result when a litigant is denied due process of law in the court's effort to avoid carrying out its clear legal duty.

Hence, we must order the court below to do what it should have done in the first instance. The judgment of the Common Pleas Court is reversed and the cause is remanded to the Court of Common Pleas with instructions to enter judgment for the plaintiff-appellant in the amount appropriate and grant the decree of foreclosure as prayed for in its petition.

*Judgment reversed.*

HILDEBRANT and HESS, JJ., concur.