JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants, John Joseph and Patricia C. Paglia, appeal the trial court's judgment overruling their objections to a magistrate's decision, adopting the magistrate's decision and granting monetary judgment and decree of foreclosure for the plaintiff-appellee, Fifth Third Mortgage Company. We affirm.
 {¶ 2} Fifth Third initiated this foreclosure action against the Paglias on December 22, 2004. A special process server served the Paglias on January 7, 2005. On March 2, 2005, after being granted leave to plead, the Paglias filed their answer to the complaint.
 {¶ 3} On March 9, 2005, Fifth Third filed a motion for summary judgment. The Paglias requested and were granted an extension of time to oppose Fifth Third's motion. On April 26, 2005, Fifth Third withdrew its motion for summary judgment because it was in the process of entering into a repayment plan with the Paglias.
 {¶ 4} Fifth Third refiled its motion for summary judgment on June 20, 2005. The Paglias sought and were granted an extension of time until August 19, 2005, to respond to the motion. On August 16, 2005, the trial court permitted the Paglias' counsel to withdraw. The Paglias filed two more motions for extensions of time; both were granted and the final order allowed the Paglias until October 31, 2005, to file their opposition to Fifth Third's motion for summary judgment. *Page 4 
 {¶ 5} On October 11, 2005, however, before the Paglias had filed their opposition, the magistrate filed his decision. The following day, the magistrate's decision was withdrawn so that the Paglias could file their opposition, which they did on October 31, 2005. On February 9, 2006, the trial court granted Fifth Third's motion for summary judgment.
 {¶ 6} On February 21, 2006, the Paglias filed a "motion for reversal of judgment with request for jury trial," which the court treated as a motion for reconsideration, and denied. The magistrate's decision was filed on February 23, 2006, and the Paglias filed objections to the decision on March 13, 2006. On May 30, 2006, the trial court overruled the Paglias' objections, adopted the magistrate's decision, and entered judgment in favor of Fifth Third. This appeal followed. The Paglias present six alleged errors for our review, which where appropriate are considered out of order.
 {¶ 7} In their second assignment of error, the Paglias contend that the service of the summons and complaint were illegal in that they were served in "an extremely abusive, intimidating" manner. A review of the record demonstrates that service upon the Paglias was also attempted by certified mail, return receipt requested, but was returned as unclaimed by them. Hence, they were served by a special process server. The Administrative Judge of the Common Pleas Court issued an entry allowing the law firm which represents Fifth Third to use a special process server in foreclosure actions. There is nothing in the record to demonstrate that the service *Page 5 
had upon the Paglias was illegal. Accordingly, the Paglias' second assignment of error is overruled.
 {¶ 8} In their third assignment of error, the Paglias contend that the trial court erred by filing the magistrate's decision on October 11, 2005, before they filed their opposition to Fifth Third's motion for summary judgment. The trial court recognized its error, however, and withdrew the magistrate's decision the following day so that the Paglias could oppose Fifth Third's motion, which they did. As such, the Paglias' third assignment of error is overruled.
 {¶ 9} In their fourth assignment of error, the Paglias contend that the trial court erred by allowing their attorney to "unilaterally" withdraw from the case. Initially, we note that the Paglias' attorney stated in his motion to withdraw as counsel that, as one of the grounds for his request, Patricia Paglia "informed counsel that she no longer wishes him to represent her in this case."
 {¶ 10} That notwithstanding, Loc.R. 10 of the Cuyahoga County Common Pleas Court provides in pertinent part as follows:.
 {¶ 11} "It is contemplated that counsel who has entered an appearance in the case shall remain in the case until it is concluded.
 {¶ 12} "However, upon written motion for leave to withdraw from the action and for good cause shown, the Court may permit counsel to withdraw. Prior to or contemporaneously with the filing of a motion for leave to withdraw as counsel, *Page 6 
counsel shall serve the client with a copy of the motion by certified mail, return receipt requested. Additionally, counsel shall include in the motion a certificate of service that states the date and manner in which the client and all other counsel of record have been notified."
 {¶ 13} The standard of review applicable to a ruling on an attorney's motion to withdraw is one of an abuse of discretion. See Bennett v.Bennett (1993), 86 Ohio App.3d 343, 620 N.E.2d 1023. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 14} In this case, the certificate of service attached to counsel's motion indicated that the motion was served on the Paglias by certified mail. The Paglias did not object to the withdrawal of their counsel and even indicated that they were seeking substitute counsel. After the court granted the Paglias' attorney permission to withdraw on August 16, 2005, the Paglias were granted two extensions of time to respond to Fifth Third's motion for summary judgment (in granting the first extension the court specifically stated that the Paglias could obtain new counsel), and the decision on the summary judgment motion was not rendered until February 9, 2006.
 {¶ 15} Based upon this record, we do not find that the trial court abused its discretion by allowing the Paglias' attorney to withdraw from the case. Accordingly, the Paglias' fourth assignment of error is overruled. *Page 7 
 {¶ 16} We now turn to the crux of this appeal, whether the trial court erred in granting Fifth Third's motion for summary judgment, as presented in the Paglias' first, fifth and sixth assignments of error.[1]
 {¶ 17} We review the granting of summary judgment de novo. Brown v.Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul (1990),71 Ohio App.3d 46, 50, 593 N.E.2d 24.
 {¶ 18} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party *Page 8 
against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 364 N.E.2d 267.
 {¶ 19} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed.2d 265; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115,526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party.Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 1992-Ohio-95, 604 N.E.2d 138. In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264, the Supreme Court of Ohio modified and/or clarified the summary judgment standard stating, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 20} The record before us demonstrates that on January 9, 2002, the Paglias signed a promissory note, of which Fifth Third was the holder. A mortgage securing the promissory note encumbered the Paglias' property located in Euclid, Ohio. *Page 9 
 {¶ 21} In support of its motion for summary judgment, Fifth Third submitted an affidavit from one of its employees who was familiar with the Paglias' account. The employee averred that the Paglias were in default of payment on the note. She further averred that the note contained an acceleration provision and pursuant to that provision, Fifth Third called the entire unpaid principal balance with interest immediately due and payable. The employee averred that a true and accurate copy of the note and mortgage were attached to Fifth Third's complaint.
 {¶ 22} In opposition to Fifth Third's motion, the Paglias filed a brief wherein they set forth various reasons why Fifth Third's motion should not be granted. No evidence was included. We have already discussed one of the reasons, insufficiency of process and/or insufficiency of service of process, in addressing the Paglias' second assignment of error. That reason, along with the other reasons cited by the Paglias (i.e., problems with John's former employer and the IRS and the Paglias' health issues), while unfortunate, do not constitute the "specific facts" necessary to defeat Fifth Third's motion.
 {¶ 23} In reversing the judgment of a trial court which denied summary judgment in favor of a lender based upon sympathy for the borrowers, the First Appellate District stated the following:
 {¶ 24} "Clearly, then, the mortgagee had demonstrated an absolute legal right to a money judgment on the note and to a decree foreclosing the mortgagors' equity of redemption in the real estate. *Page 10 
 {¶ 25} "The trial court had nothing before it upon which to deny judgment. The mortgagee could not be compelled to yield the largess established by the court. Appellant's claim rests upon written instruments and long-established law. The trial court's disposition of that claim rests only upon sympathy for the appellees.
 {¶ 26} "While we are cognizant that as interpreters of the law we must sometimes temper justice with mercy, only injustice can result when a litigant is denied due process of law in the court's effort to avoid carrying out its clear legal duty." Eagle Sav. Loan Assn. v.Williams (1969), 19 Ohio App.2d 264, 266, 250 N.E.2d 888.
 {¶ 27} Similarly, in this case, Fifth Third demonstrated that it had "an absolute legal right" to call the entire unpaid principal balance of the note, with interest, immediately due and payable and to foreclose upon the Paglias' home. Accordingly, the trial court properly granted Fifth Third's motion for summary judgment and the Paglias' first, fifth and sixth assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 11 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and MARY J. BOYLE, J., Concur.
[1] The first assignment of error states: "The trial court erred in granting Summary Judgment in this case when only the requested jury trial by defendants would have afforded sufficient consideration and due process of the manifold affirmative defenses raised."
The fifth assignment of error states: "The trial court erred in recording in its decision of February 9, 2006 that the plaintiff did not enter into a Forbearance Agreement with defendants when, in fact, it had on [sic] April 2005."
The sixth assignment of error states: "The trial court erred in not considering that the protracted and critical health condition of defendant Patricia Paglia, consistently reported to the court and the reason for a series of extensions to file, precluded her ability to properly defend and access her particular legal rights and interests throughout these proceedings." *Page 1